IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MAGGIE J. ROBINSON and CODY ROBINSON | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO.: 4:18-CV-1509-ACA |
| LIBERTY MUTUAL INSURANCE COMPANY, et al. | ) *OPPOSED*<br>)<br>) |
| Defendants. | |

## MOTION TO STAY RULE 26 OBLIGATIONS AND DISCOVERY

Defendants Liberty Mutual Insurance Company, Liberty Mutual Group, Inc., and Liberty Insurance Corporation (collectively, "Liberty"), by and through undersigned counsel and pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure*, respectfully moves this Honorable Court for an order staying all discovery deadlines and obligations under Fed. R. Civ. P. 26, including the obligation to hold a Rule 26(f) parties' planning meeting, pending a decision by the Court on Liberty's Motion to Dismiss (Doc. 6) filed by Plaintiffs Maggie J. Robinson and Cody Robinson ("Plaintiffs").

Counsel for Liberty emailed counsel for Plaintiffs on October 15 and October 16 seeking to determine whether Plaintiffs opposed this Motion. To date, counsel for Plaintiffs have not responded to either email. Therefore, out of an abundance of caution, Liberty marks this Motion opposed. In support of this Motion, Liberty states as follows:

1.      Plaintiffs filed their Complaint on or about September 14, 2018. (Doc. 1).

2.      Liberty filed a Motion to Dismiss Plaintiffs' Complaint on October 15, 2018. (Doc. 6). Specifically, Liberty moved to dismiss because Plaintiffs' claims because Plaintiffs' Complaint pled that the alleged loss occurred before the policy period began and their was no

coverage under the subject policies because of an exclusion for damage caused by insects and/or vermin.

3. Liberty respectfully requests that all discovery and Rule 26 deadlines and obligations, including the Rule 26(f) parties' planning meeting and initial disclosures, be stayed pending a decision by the Court on Liberty's Motion to Dismiss. Otherwise, the Parties and the Court face significant and potentially needless burdens and costs and risk wasting considerable resources planning and beginning potentially unnecessary discovery.

4. Eleventh Circuit precedent favors a stay of discovery pending resolution of a motion to dismiss to avoid potentially unnecessary burdens upon the Court and the parties. *See Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367–68 (11th Cir. 1997). Liberty's Motion to Dismiss, if granted, would be dispositive of all claims in Plaintiffs' Complaint and therefore alleviate any need to conduct discovery.

5. Moreover, District Courts have broad discretion in managing their cases, particularly in matters of discovery and scheduling. *See Walter Int'l Productions, Inc. v. Salinas*, 650 F.3d 1402, 1415–16 (11th Cir. 2011); *Chrysler Intern Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Federal Rule of Civil Procedure 26(c) allows for relief such as the stay Liberty is requesting, providing, in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

6. In this regard, District Courts in the Northern District of Alabama and throughout the Eleventh Circuit routinely stay discovery and Rule 26 proceedings pending rulings on

motions to dismiss.[1]

7.     Requiring Liberty to participate in Rule 26 proceedings or discovery at this point would waste resources and impose on Liberty significant costs and burdens which would be unnecessary if its Motion to Dismiss is granted. If Rule 26 obligations and discovery are not stayed, Liberty will be forced to expend, at a minimum, the time, financial resources, and manpower necessary to search for and compile initial disclosure documents, prepare for and attend a Rule 26(f) meeting, participate in the drafting of a Rule 26(f) report (including the formulation of a discovery plan and a synopsis of defenses), and prepare for and attend a Rule 16(b) scheduling conference. Once the Rule 26(f) report is filed, Liberty will then be subject to the even greater costs and burdens of full discovery, including those attendant to preparing for and attending depositions, responding to written discovery requests, and searching for and gathering substantive documents and reviewing them for privilege.

8.     None of the activities described above are necessary or helpful to the Court's

---

[1] *See, e.g.*, *Weaver v. Nat'l Better Living Ass'n*, 2014 WL 1621951, at *1–2 (N.D. Ala. April 22, 2014) (granting motion to stay discovery pending resolution of motions to dismiss); *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1121 & n.20 (N.D. Ala. 2010) (noting that the court "pursuant to the general rule in this Circuit, stayed discovery pending decision on defendants' motion to dismiss" in an earlier order, which observed that "'it appears that the *only* proper course, when presented with a request to stay discovery pending resolution of a motion to dismiss, is to grant the stay.'"); *McBride v. Houston Cnty. Health Care Auth.*, 2013 WL 674671, at *2 (M.D. Ala. Feb. 25, 2013) ("All discovery is stayed pending resolution of the pending motions to dismiss."); *Jackson, Key and Associates, LLC v. Beazley Insurance Company, Inc.*, No. 1:18-cv-322-KD-C, Doc. 13 (S.D. Ala.) (granting nearly identical motion to stay discovery pending ruling on motion to dismiss); *Dawson v. Piggott*, 2010 WL 3717408, *1 (S.D. Ala. Sept. 9, 2010) (granting motion to stay discovery pending resolution of motion to dismiss based on immunity and statute of limitations); *Appleton v. Intergraph Corp.*, 2008 WL 2302671, at *1 (M.D. Ga. May 29, 2008) (granting a motion to stay discovery pending the court's resolution of defendants' motions to dismiss given that "even a partial grant of the Motions to Dismiss may substantially change the scope of discoverable materials"); *Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (granting motion to stay pending resolution of motion to dismiss "because discovery is not needed for the resolution of this Motion and requiring discovery would impose an undue burden on the Defendant"); *McCabe v. Foley*, 233 F.R.D. 683, 685–87 (M.D. Fla. 2006) (granting motion to stay pending a resolution of defendant's motion to dismiss).

ruling on the Motion to Dismiss. And even if the Court were to grant only part of the Liberty's Motion to Dismiss, such a ruling would necessarily change the scope and scheduling of discovery in the case.

9. In order to avoid imposing significant and unnecessary costs and burdens on itself and the parties, this Court should stay discovery and all Rule 26 proceedings pending its ruling on Liberty's Motion to Dismiss.

10. WHEREFORE, Liberty respectfully requests that this Honorable Court grant its motion to stay discovery and all deadlines and obligations imposed by Fed. R. Civ. P. 26, until this Court decides Liberty's Motion to Dismiss.

    Respectfully submitted by,

    */s/ Joshua B. Baker*
    Jeffrey M. Grantham
    Joshua B. Baker
    Joshua R. Hess
    *Attorneys for Defendants Liberty Mutual Insurance Company, Liberty Insurance Corporation, and Liberty Mutual Group, Inc.*

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Ave. North
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999

- 5 -

## **CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing has been served upon the following counsel by filing via CM/ECF and/or placing a copy of same in the United States Mail, properly addressed and postage prepaid, this the 18th day of October, 2018:

Thomas F. Campbell
Campbell Law PC
5336 Stadium Trace Parkway
Suite 206
Birmingham, AL 35244
Phone: 205-278-6650
Fax: 205-278-6654
Email: tcampbell@campbelllitigation.com
         jbowers@campbelllitigtion.com

                                    */s/ Joshua B. Baker*
                                    **OF COUNSEL**