

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **MAGGIE J. ROBINSON and** | ) |
| **CODY ROBINSON,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 4:18-CV-1509-ACA |
| | ) |
| **LIBERTY MUTUAL** | ) |
| **INSURANCE COMPANY; et al.** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY RULE 26 OBLIGATIONS AND DISCOVERY

Comes Now the Plaintiffs' Maggie J. Robinson and Cody Robinson (hereinafter collectively "Robinsons"), by and through undersigned counsel, and hereby object to and move this Honorable Court to deny Defendants' Liberty Mutual Insurance Company, Liberty Insurance Corporation, and Liberty Mutual Group, Incorporated (hereinafter collectively "Liberty") Motion to Stay Rule 26 Obligations and Discovery (Doc. 10) and as grounds therefore states as follows:

1.  The Robinsons filed their Complaint on September 14, 2018 (Doc. 1).

2.  On October 15, 2018, Liberty filed a Motion to Dismiss the Robinsons' Complaint (Doc. 6) alleging two things. First, that the Robinsons loss occurred

before the policy period began and is therefore excluded. Second, Respondents assert that there is no coverage under the policies because of an exclusion for damage caused by "insects and/or vermin."

3.   Liberty's motion fails to disclose that the precedent it replies upon rests upon the Court's enforcement of a pre-existing exclusion clause in the insurance policy that excluded coverage for ongoing conditions.  Liberty does not assert – because doing so would be a flagrant misrepresentation – that its policy has a pre-existing condition exclusion at all.  In fact, as the complaint alleges and the policy provides, an "occurrence" expressly includes ongoing dangerous conditions.

4.   Liberty also misstates the allegations of the complaint by asserting that Liberty denied the claim because spiders are either "insects or vermin" and that the common understanding of "insects" includes spiders (i.e., arachnids). This is not what the complaint alleges.  The complaint alleges that one basis was given for denying the claim – that spiders are insects.  The complaint does not allege Liberty used the vermin exclusion as a basis of denying the claim. Likewise, the complaint does not only allege that the scientific classification of insects excludes arachnids as the motion claims.  The complaint alleges that insects and arachnids are commonly understood to be different things by the public and that Liberty even underwrites programs that educate school children that they are different. Liberty cherry-picks two dictionaries that define insects as including arachnids but these

two dictionaries are outliers. The overwhelming number of dictionaries describe insects as what they are – creatures with six legs. See,

https://en.oxforddictionaries.com/definition/insect;

https://dictionary.cambridge.org/us/dictionary/english/insect;

https://www.macmillandictionary.com/us/dictionary/american/insect;

https://www.collinsdictionary.com/us/dictionary/english/insect;

http://www.yourdictionary.com/insect?direct_search_result=yes .

5. The complaint alleges what we know as former kindergartners ourselves, insects have six legs and usually wings and spiders are arachnids and have eight legs. For purposes of a Motion to Dismiss, the allegations of the complaint are accepted as true and litigants do not get to change the allegations of the complaint, offer proof outside the complaint, or ignore the terms of insurance policies upon which the outcome of an appellate opinion turns.

6. The Robinsons' response to Liberty's Motion to Dismiss is due on or before November 2, 2018 per this Court's October 19, 2018 Text Order and they will establish that the loss did occur within the policy period per Liberty's own definition in the policy that an "occurrence" includes "continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in bodily injury or property damage." Liberty's stance that there was no coverage under the policies because of an exclusion for damage caused by

insects and/or vermin is an unmeritorious claim that completely ignores the allegations contained in the Robinsons' Complaint.

7. Liberty filed their Motion to Stay Rule 26 Obligations and Discovery (Doc. 6) (hereinafter "Motion to Stay") on October 18, 2018.

8. Liberty's Motion to Stay is due to be denied. Liberty's pending Motion to Dismiss does not warrant the remedy of staying discovery because it is unlikely to succeed on the merits. Staying discovery in this matter will not serve the goals of expediency or efficiency; instead, a stay will prejudice the Robinsons' ability to pursue prompt adjudication of their claims.

9. When a party seeks to stay discovery pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure*, that party "bears the burden of showing good cause and reasonableness." *Blevins v. Askut*, No. 15-00120-CG-B, 2015 WL 2098017 at 1 (S.D. Ala. Apr. 17, 2015). Defendants' burden of establishing good cause to stay discovery is a heavy one. *See S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at 1 (S.D. Fla. Jan 24, 2007). Liberty has not satisfied its burden of establishing good cause to grant the Motion to Stay; it did not demonstrate how responding to the Robinsons eventual discovery requests will subject it to "annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. P. 26(c)(1).*

### Defendants' Pending Motion to Dismiss Does Not Establish Good Cause to Grant a Motion to Stay Discovery

10. Liberty's Pending Motion to Dismiss Plaintiffs' Complaint is not likely to succeed. To prevail on a motion to stay discovery, Liberty must show "good cause and reasonableness" exists to support a stay. *Blevins,* 2015 WL 2098017 at 1. To establish good cause, Liberty must demonstrate its pending Motion to Dismiss is "clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Liberty has done neither.

11. The Robinsons have met their burden in pleading enough factual content that allows them to prevail against the Motion to Dismiss. Under *Twombly*, the complaint need only contain, "'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Robinsons' Complaint does exactly that.

**Liberty Fails to Meet its Substantial and Heavy Burden of Establishing Entitlement to a Stay of Discovery**

12. Liberty relies on *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353 (11th Cir. 1997) and argues precedent favors a stay of discovery pending resolution of a motion to dismiss. Liberty argues the stay avoids the unnecessary burden of discovery if the claims are dismissed. *Id*. (Liberty's Motion to Stay Paragraph 4). This holding, however, does not "establish a general rule that all discovery in every case should be stayed while a dispositive motion is pending." *Al-Zaharnah v.*

*Innovative Loan Servicing Co.*, No. 8:15-cv-337-T-JSS, 2015 U.S. Dist. LEXIS 146798, at 2-3 (M.D. Fla. Oct. 29, 2015) (denying motion to stay discovery). Instead, *Chudasama* "stands for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Blevins*, 2015 WL 2098017, at 1. Liberty has no unnecessary burdens or costs accruing in this case while the Motion to Dismiss is pending. Furthermore, Liberty's Motion to Dismiss is not likely to succeed and this Court should deny any stay of discovery.

13. Liberty's contention that the Eleventh Circuit's precedent favors a stay of discovery is easily disproven. To the contrary, "motions to stay discovery are not favored because delays in discovery can create management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Al-Zaharnah*, 2015 U.S. Dist. LEXIS 146798 at 2; (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (denying motion for stay of discovery pending ruling on motion to dismiss). For a motion to stay discovery, pursuant to *Fed. R. Civ. Pro.* Rule 26(c), the moving party bears the burden of showing "good cause" and "reasonableness" for such an order. *Feldman*, 176 F.R.D. at 652. This is the very reason the *Federal Rules of Civil Procedure* emphasize discovery shall be conducted as expeditiously as is practicable. *Thompson v. City of Muscle Shoals, Ala.*, 2012 WL 4815466 (N.D. Ala. Oct. 10, 2012). Liberty fails to

demonstrate any good cause or undue burden they will endure if this Court denies their motion.

14. Liberty points to the pendency of its Motion to Dismiss and its fictional "burdens" but, has not offered any other basis for its request to stay discovery. The burden of good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *T.R. v. St. Johns County School Dist.*, 2008 WL 1840710, at 1 (M.D. Fla., 2008). Liberty's vague cookie cutter assertions: expending time, financial resources, preparation, etc. does not meet the specificity requirement needed to show good cause. Further, Liberty's conclusory allegations are insufficient to demonstrate burdensomeness warranting a stay of discovery. Courts should only limit discovery on actual evidence of the burden or prejudice which will result, "not on a mere recitation that discovery is burdensome." *Trinos v. Quality Staffing Services Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008).

15. Liberty fails to demonstrate any burdens will result from permitting discovery to proceed, apart from the expenses and utilization of resources inherent in everyday litigation. The typical time and resources required to respond to discovery does not demonstrate prejudice or a burden necessary to justify a stay. *See Van Vechten v. Elenson*, 2012 U.S. Dist. LEXIS 100920 (S.D. Fla. July 20, 2012). Like *Elenson*, the Robinsons have not served discovery requests to Liberty. Yet,

7

Liberty alleges a stay is proper because they will be subject to undue burdens by spending time and resources on potentially dismissible claims. *Id.*; (Liberty's Motion to Stay Paragraph 7). The *Elenson* Court denied the motion to stay because defendants did not specifically demonstrate how discovery would turn burdensome. *Id.* Thus, the ordinary burden associated with answering discovery is not enough to warrant a stay.

16. Liberty asserts that if the Court grants only part of their Motion to Dismiss, that ruling would necessarily change the scope and scheduling of the discovery in the case. (Defendants' Motion to Stay, Paragraph 8). The facts in *Bitpay, Inc. v. Massachusetts Bay Insurance Co.*, 315 F.R.D. 698 (N.D. Ga. March 17, 2016) are similar to those of the Robinsons in that the defendant insurance company's refusal to pay claims under the policy was a bad faith breach of contract. Defendants in *Bitpay* moved the court to bifurcate the claims and stay discovery on the bad-faith claim. *Id.* At 700. The Court agreed with plaintiff that the bad faith claim, and the breach of contract claim are "inextricably intertwined" leading the Court to deny the motion to stay. *Id.* "The discovery burden on defendants is minimal since many, if not most, of the requests will relate and overlap," meaning the scope of discovery will not change by the dismissal of one claim. *Id.* at 701. *Bitpay* is applicable, despite no motion to dismiss, because the court ruled against stay of discovery for the same type of claims as the Robinsons.

8

17.     Liberty simply cannot show its Motion to Dismiss is "clearly meritorious and truly case dispositive" and, without that showing, Liberty has not established its Motion to Stay Discovery is reasonable and for "good cause." Liberty's Motion to Stay Discovery is due to be denied.

WHEREFORE, the Robinsons respectfully requests this Honorable Court to enter an Order denying Liberty's Motion to Stay discovery and all deadlines and obligations imposed by Fed. R. Civ. P. 26.

Respectfully submitted,

 */s/ John R. Bowers, Jr.*
THOMAS F. CAMPBELL (ASB-5900-M60T)
JOHN R. BOWERS, JR. (ASB-0769-B20J)
*Attorneys for Plaintiffs, Maggie J. Robinson and Cody Robinson*

**OF COUNSEL:**

CAMPBELL LAW, PC
5336 Stadium Trace Parkway
Suite 206
Birmingham, AL  35244
Telephone: (205) 278-6650
Facsimile: (205) 278-6654
Email:   tcampbell@campbelllitigation.com;   jbowers@campbelllitigation.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of October, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:
Jeffrey M. Grantham, Esq.

Joshua B. Baker, Esq.
Joshua R. Hess, Esq.
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999
Email: jgrantham@maynardcooper.com; jbaker@maynardcooper.com;
     jhess@maynardcooper.com

          */s/ John R. Bowers, Jr.*
          OF COUNSEL